George **PIERCE** et al., Appellants,

v.

John C. **PICKETT**, Appellee.

No. 7863.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 16, 1968.

Austin, Dabney & Northrop and Edwin L. Kirkpatrick, II, Houston, for appellants.

Cade & Bowlin and James O. Cade, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit to recover a deposit of $150.00 made by appellee, John C. Pickett to appellants, George Pierce et al for a copy of the drawings and specifications on a building to be constructed on the Texas Tech. College campus at Lubbock, Texas. Appellants filed a plea of privilege to be sued in the county of their residence and appellee controverted such plea, and on hearing such plea of privilege it was overruled. It was from the order overruling such plea of privilege that appellants perfected this appeal. It was appellee's contention that his suit was based upon a written contract and relied upon Subdivision 5, Art. 1995, Vernon's Ann.Revised Civil Statutes of Texas to maintain venue in Lubbock County.

It is appellants' contention that appellee's controverting affidavit was insufficient as a matter of law; that there was no evidence to prove a contract in writing performable in Lubbock County, Texas and the court erred in allowing appellee to submit evidence subsequent to the plea of privilege hearing. We are of the opinion, and so hold, that all three of appellants' assignments of error must be determined from the record as to whether the appellee has shown a contract in writing as to maintain venue in Lubbock County, Texas as provided under Subsection 5, Art. 1995, Revised Civil Statutes. Said article reads as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

It is undisputed that appellee wrote appellant architects inquiring of them that appellee would like to figure the electrical work on the biology building which they had recently designated and asked them to inform him of the amount required for plans deposit and the amount would be sent. Two days later appellee wrote the same architects informing them to disregard the other letter as he had found in the Dodge report the amount required for plans deposit and enclosed the $150 check here involved payable to the appellants. The check was cashed and money received by appellants and appellants mailed a copy of the plans to appellee. The Dodge report in question was to inform those interested in bidding on the biology building that said building was to be constructed.

Appellee properly filed his bid as required and after learning he did not get the job he returned the plans to appellants. Appellants wrote appellee and acknowledged return of the plans and stated "your deposit has been retained in accordance with the terms of the invitation to bid". Appellants do not deny they authorized the Dodge report to advertise for bids on the building here involved nor their notices for bids. If it should be error in admitting in evidence the Dodge report concerning the same building in question designated as biology building, Lubbock, Texas (Lubbock County), Texas Tech. campus

where it states "Plans & Spec. obt. from architect $150 Dep. Ref. to bidders—$100 Ref. to non-bidders", we think the same would be harmless since the advertisement for bids as made by appellants contained substantially the same provision. The invitation to bid referred to in appellants' letter to appellee was as follows:

### "ADVERTISEMENT FOR BIDS

Separate sealed bids for (1) Plumbing, Heating, Ventilating and Air Conditioning, (2) Electrical, (3) Elevator, and (4) Auditoria Seating Construction Sub-Contracts; all for Biology Facilities, Texas Technological College, Lubbock, Texas, will be received until 3:00 p. m., CST, Wednesday, May 31, 1967.

Separate sealed bids for General Construction for Biology Facilities, Texas Technological College, Lubbock, Texas, will be received until 3:00 p. m., CST, Thursday, June 1, 1967.

All bids, on each bid date, will be received by M. L. Pennington, Vice President for Business Affairs, in the auditorium of the Physical Plant Building on the campus of Texas Technological College, Lubbock, Texas, and then publicly opened and read aloud. Any bids received after closing time will be returned unopened.

The General Construction bidder shall state in his bid the fee, as a percentage, he will charge for assuming all responsibility for supervising, financing coordinating and guaranteeing performance of these Subcontractors. Surety Bonds and Insurance will be furnished by the General Contractor as provided for in Contract Documents.

The Owner and Architect will jointly hold a prebid conference on Friday, May 19th, at Texas Technological College. All prospective bidders who have made a deposit for plans and specifications will be invited to attend.

The Information for Bidders, Form of Bid, Form of Contract, Plans, Specifications and Forms of Bid Bond, Performance and Payment Bond and other contract document may be examined at the following places:

AGC Plan Rooms in Abilene, Lubbock, Ft. Worth and Houston

Dodge Plan Rooms in Lubbock, Dallas, Ft. Worth and Houston.

Copies may be obtained at the office of GEORGE PIERCE—ABEL B. PIERCE at 2217 Welch Street, Houston, Texas, by depositing a check with the Architect for each set of documents so obtained. Checks shall be made payable to Pierce and Pierce, Architects. See schedule below for amounts of deposit and refund.

Refunds are available upon return of complete sets, (including addenda issued during bidding) fully assembled, in proper order and in good condition at the time and place that bids are received; otherwise, the entire deposit will be retained by the Architect. All deposits will be placed in the Architects account, and refunds will be issued by the Architect after drawings and specifications have been examined. All refunds will be less postage. Deposit must be received by the Architect before plans and specifications are released.

| | |
|---|---|
| Deposit for each set | $150.00 |
| Refund to actual bidders for first set | $150.00 |
| Refund to non-bidders and for subsequent sets to actual bidders | $100.00 |

Subcontractors and Material Suppliers may obtain portions of the Drawings and Specifications by submitting a typed list of drawing sheets and specification pages required to the Architect together with the firm's billing address.

Drawings and specifications will be delivered to the Contractor or Material Supplier by the blueprinter. Blueprinter will bill the recipient of Drawings di-

rectly. No deposit is required for these items.

The Owner reserves the right to waive any informalities or to reject any or all bids.

Each bidder must deposit with his bid, security in the amount, form and subject to the conditions provided in the Information for Bidders.

Attention of bidders is particularly called to the requirements as to conditions of employment to be observed and minimum wage rates to be paid under the contract.

No bidder may withdraw his bid within 30 days after the actual date of the opening thereof.

April 8, 1967 Board of Directors
Texas Technological College
Lubbock, Texas"

"Refund" means to give back, to return money in restitution, Repayment, U. S. v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 639, 82 L.Ed. 932.

It is stated in Petroleum Producers Co. v. Steffens, et al., 139 Tex. 257, 162 S.W.2d 698 as follows:

"(1) It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W. 2d 675; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810."

 We hold the advertisement for bids above set out shows everything was to be performed in Lubbock, Texas on the Texas Tech. campus, a designated place in Lubbock County, and this was confirmed by the appellants when they wrote appellee they were retaining his deposit in accordance with the terms of the invitation to bid. The question then would be the interpretation of the terms as to whether appellee should be permitted to keep the money or should refund it as provided in the invitation to bids. If he must refund them, should it be in Lubbock County?

It was held in Vinson v. Horton, Tex. Civ.App., 207 S.W.2d 432 as follows:

"It is now definitely settled in Texas that it is not necessary in order to constitute a 'contract in writing' that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. 43 Tex. Jur., p. 724; 67 C.J., p. 32, Sec. 37; Martin v. Roberts, 57 Tex. 564; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; Grainger v. Gottlieb, Tex. Civ.App., 234 S.W. 604; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627."

Appellants, the architects handling the proceedings here involved, and advertising for bids, and providing where the matters should be consummated, and appellee accepting by his acts, conduct and acquiescence in the terms of the agreement, would constitute a contract performable in Lubbock County, Texas. The trial court having properly overruled defendants' plea of privilege, the judgment is in all things affirmed.