John ORGAIN and Frank Meece, a Partnership, dba El Patio Apartments, Appellants,

v.

Sue BUTLER et al., Appellees.

No. 11896.

Court of Civil Appeals of Texas, Austin.

March 22, 1972.

**612**

Johnson & Trickey, Dale Ossip Johnson, Austin, for appellants.

James G. Boyle, Austin, for appellees.

O'QUINN, Justice.

Six apartment tenants brought this lawsuit to recover refunds of deposits made with their landlords, as security for full and faithful performance of the lease contracts, and for exemplary damages, upon refusal of the landlords to refund the deposits in full after expiration of the leases.

The landlords, prior to suit, tendered partial return of the deposits and sought to forfeit substantial portions of the deposits as penalties for property damage and for expenses, including cost of cleaning carpets and removing glass from a swimming pool.

The cause was tried before the court without a jury. The trial court rendered judgment for plaintiffs awarding return of the deposits in the aggregate sum of $400 and for exemplary damages of $100. We will affirm the judgment as to award of all deposits and will reverse and render that portion of the judgment awarding exemplary damages.

Plaintiffs below, all of whom are appellees here, were Sue Butler, Kathy Schroeder Chapman, Sue Cocke, Janet Livingston, Shirley Reiley, and Patricia Rogas. Defendants below and appellants here are John Orgain and Frank Meece, a partnership doing business as El Patio Apartments in Austin.

Appellants are here on eleven points of error. Under the first three points appellants contend that there was no evidence, or insufficient evidence, to support an implied finding of conversion, or that the weight and preponderance of the evidence is against such finding. In this connection appellants contend that plaintiffs below sued for conversion and may not recover on a different theory of the case.

Appellees as plaintiffs pleaded their lease contracts with the landlords and deposits they made under such contracts to secure performance, and further that, "By virtue of their performance, Plaintiffs . . . became entitled to a refund of the entire security deposit . . ." Plaintiffs also alleged that, "After repeated demands . . ." appellants have refused and still refuse to return the deposits, "but . . . [have] fraudulently and willfully converted and disposed of same to its [their] own use."

■ Appellants insist on appeal that appellees were not entitled to recover under their pleadings. The record does not disclose that appellants filed special exceptions, or otherwise brought to the attention of the trial court, before rendition of the judgment any defect, omission, or fault in appellees' pleadings. Insufficiency of pleadings raised for the first time on appeal are deemed to have been waived. Sherman v. Provident American Insurance Company, 421 S.W.2d 652, 654 (Tex.Sup. 1967); Rules of Civil Procedure, rules 67, 90.

■ In general it may be said that a plaintiff is required only "to make a concise statement of the facts upon which he relies and the court will grant the proper relief." Texas Power & Light Co. v. Hilltop Baking Co., 78 S.W.2d 718 (Tex.Civ. App. Waco 1935, writ dsmd.). In a suit for money had and received the plaintiff need show only that the defendant holds money which in equity and good conscience belongs to the plaintiff. Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686, 687 (1951).

Appellants' points one, two, and three are overruled.

■ By appellants' points four, five, and six contention is made that the evidence did not support the findings upon which award of exemplary damages was made. We agree with appellants. There appears to be no evidence of damage sustained by the plaintiffs other than the value of their deposits. We find no proof of any fraudulent conduct, wanton violence, or malicious outrage on the part of appellants or their agents. Awards of exemplary damages are made to punish a wrongdoer "for acts of malice, vexation, fraud and oppression." Smith v. Sherwood, 2 Tex. 460; 17 Tex.Jur.2d Damages, secs. 173 et seq. and cases cited. Appellants did refuse to return the full amounts of the deposits, tendering only the deposits less those portions retained for claimed property damage and certain expenses appellants charged to the tenants.

It is undisputed that some property damage had occurred, raising the issue, to be considered later, of responsibility for the damage. Deducting such charges from the deposits at most was a breach of the contracts to refund the deposits if at the end of the terms of the leases the tenants had fully performed. Unaccompanied by willful, malicious, or fraudulent conduct, breach of a contract alone will not support an award of punitive damages. Points four, five, and six are sustained, and the decree for exemplary damages will be reversed and rendered.

■ Appellants' seventh point of error is that because there was a ". . . complete variance between . . . [the] pleadings and the proof introduced . . . at the trial on the merits," the judgment is without support. Under this point appellants return to their stance under the first three points that this was a suit for conversion and not one brought for money had and received or on some other theory. Again, as under those points, appellants failed to make proper objection in the trial court. Variance between pleading and proof must be called to the trial court's attention by objection, motion to strike, or a plea of surprise by the variance; otherwise, the point will be considered waived. Kirkwood and Morgan, Inc. v. Roach, 360 S.W.2d 173, 176 (Tex.Civ.App. San Antonio 1962, writ ref. n. r. e.); Dueitt v. Barrow, 384 S.W.2d 214, 215 (Tex.Civ.App. Corpus Christi 1964, no writ).

■ Whatever appellees pleaded as to conversion may be regarded as surplusage, since, taken as a whole, the petition clearly set out all necessary elements to recover their deposits on the theory that they had performed under the lease contracts which had expired; thus they pleaded a cause of action, regardless of the name applied to their theory of recovery. For a variance between pleadings and proof to be fatal, the variance must be substantial, misleading, and a prejudicial departure. Glens Falls Insurance Company v. Vetrano, 347

S.W.2d 769 (Tex.Civ.App. Houston 1961, no writ). Point seven is overruled.

Appellants' points eight through eleven are evidentiary points, under which they contend that copies of the lease contracts and copies of partial refund checks tendered by appellants ". . . did not constitute the best evidence obtainable . . ." in the absence of a showing that the originals were ". . . not available or that . . . [appellants] failed to produce the same upon notice."

Appellees testified that they entered into written lease contracts with the appellants, and in general stated the dates of beginning and termination of the leases, the amounts of deposits made, the numbers of the apartments rented, the rental payments under the leases and times for payment, and stated the names of the several tenants who are appellees. The trial court received into evidence printed copies of leases bearing the heading "El Patio Apartment Lease", and with El Patio as a party typed into the form at four places, including the place for signature. The copies also showed the names of the appellees in carbon, as well as all information given by appellees in their oral testimony as to terms, dates, deposits, apartment numbers, and rental amounts and dates for payment. Appellees testified that the copies of the leases offered in evidence were the same copies handed them by appellants' agent when the originals, retained by the agent, were signed by appellees.

Appellants, who introduced no evidence at the trial, did not at any time deny the terms and provisions of the leases introduced by appellees and as described by them in oral testimony. When the trial court suggested a recess to permit appellants to bring into court the original leases, counsel for appellants demurred, but insisted that the lease copy was not the best evidence and that no effort had been made by discovery to obtain the originals from his clients.

To constitute a valid contract in writing it is not necessary that the agreement be signed by both parties, for if one party signs, the other may accept by his acts, conduct, or acquiescence in the terms of the contract. Vinson v. Horton, 207 S. W.2d 432 (Tex.Civ.App. Texarkana 1947, no writ), and cases there cited; Pierce v. Pickett, 432 S.W.2d 586 (Tex.Civ.App. Amarillo 1968, no writ). The typewritten signature of El Patio, at the end of the printed form, sufficed to give the leases validity, especially since the appellants accepted the benefits under the leases as signed by appellees. Stout v. Oliveira, 153 S.W.2d 590, 596 (Tex.Civ.App. El Paso 1941, writ ref. w. o. m.), and cases there cited.

The trial court obviously was satisfied as to the authenticity of the copies of the leases admitted into evidence. Appellants have not discharged their burden on appeal to show that the lease contracts, even if inadmissible, were not disregarded by the court. 57 Tex.Jur.2d Trial sec. 571. Points of error nine and ten are overruled.

Appellees introduced oral testimony that appellants had tendered partial refunds of deposits by checks of El Patio Apartments, and that the checks were returned by appellees to appellants after photo-copies of the checks had been made. The testimony further showed that the checks bore notations purporting to enumerate deductions for property damage and cost of cleaning carpets and removing broken glass from the swimming pool. The photo-copies of the checks were admitted in evidence over objection of appellants that the copies were not the best evidence and that no demand had been made for the originals.

The checks were documents forming no part of the basis of the cause of action and were relevant only as to matters and issues collateral to the controlling issues of the case. The checks were competent to prove that appellees did not receive tender of full

refunds of deposits and as admission of appellees' tenancy in the apartments. Rudd v. Gulf Casualty Co., 257 S.W.2d 809 (Tex.Civ.App. El Paso 1953, no writ); 2 McCormick and Ray, Evidence, secs. 1567, 1579, and authorities cited. Points eight and eleven are overruled.

■ Since findings of fact and conclusions of law were not requested or filed, we must affirm the trial court's judgment on any theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup.1962); Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968); City of Abilene v. Meek, 311 S.W.2d 654 (Tex.Civ.App. Eastland 1958, writ ref.).

The deposits delivered by appellees to appellants upon taking the apartments were ". . . as security for the full and faithful performance by Lessee of all covenants, conditions and agreements set out in this Lease." Further, the lease provided, "This sum is not deductible from the final month's rent but shall be refunded upon expiration of the term of this Lease provided Lessee has fully and faithfully carried out all of said covenants, conditions, and agreements. For breaking this Lease, Lessee will forfeit his deposit."

It is undisputed that appellees promptly and fully paid all rents required. The leases further provided: "Upon termination of this Lease from any cause, Lessee covenants and agrees, peaceable and quietly, to leave, surrender, and yield up to Lessor the entire leased premises in as good a state and condition as reasonable use and wear thereof will permit." Appellees testified, and no evidence was offered to the contrary, that they cleaned the apartments and left them in a good state and condition.

Appellees testified that they did not cause damage to a door and a screen window for which the landlords sought to penalize them by deductions from the deposits. Appellees admitted letting a soft drink bottle fall into the swimming pool, but stated that the bottle did not break and was taken out by an employee of the appellants.

■ The largest deductions made by appellants from the deposits were for cleaning the apartments and shampooing carpets. Appellants caused typewritten "Apartment Rules" to be circulated among the tenants soon after appellees had made their contracts and occupied the apartments. The rules contained the statement that, "As the tenants [sic] lease expires, the carpet will be shampooed and this cost is automatically taken from the deposit. No tenant is to shampoo his carpets as we have a professional carpet cleaner to do this job." This provision in the "Apartment Rules" was not included in the lease contracts and did not constitute a part of the leases and was not binding on appellees. The lease contracts contained no requirement that tenants pay for cleaning apartments or shampooing carpets.

■ In the absence of showing that damage to the apartments, for a broken door and a window screen, was caused by appellees or that the damage was more than ordinary wear and tear, appellees could not be held to answer for the damages. Bachrach v. Estefan, 184 S.W.2d 640 (Tex.Civ.App. San Antonio 1945, no writ). Moreover, appellees were not insurers under the leases by reason of the provision that the tenants would yield and quit the "leased premises in as good a state and condition as reasonable use and wear thereof will permit." The leases, having been prepared by the landlords, will not be enlarged beyond the clear meaning of that language, and, if doubtful, the provisions excepting reasonable use and wear will be construed more strongly against the appellants as landlords. Fisher v. Temco Aircraft Corporation, 324 S.W.2d 571 (Tex. Civ.App. Texarkana 1959, no writ).

That portion of the trial court's judgment awarding exemplary damages to appellees is reversed, and judgment is here rendered that appellees be denied award of exemplary damages. In all other respects the judgment of the trial court is affirmed.

Affirmed in part and reversed and rendered in part.