ENCHANTED ESTATES COMMUNITY ASSOCIATION, INC., Appellant,

v.

TIMBERLAKE IMPROVEMENT DISTRICT, Appellee.

No. 01–91–00826–CV.

Court of Appeals of Texas, Houston (1 Dist.).

June 25, 1992.

Rehearing Denied July 30, 1992.

Mark Burrell, Houston, for appellant.

Mark W. Brooks, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This Court is asked to determine whether the trial court properly granted a summary

judgment in a suit for an alleged breach of contract in favor of appellee, Timberlake Improvement District. We find that it did not and reverse the judgment of the trial court.

Background

Appellant, Enchanted Estates Community Association, Inc. (Enchanted Estates), brought suit against appellee, Timberlake Improvement District (Timberlake) to enforce a contract entered into by Timberlake and Enchanted Valley Development, a Texas joint venture (Enchanted Development). Timberlake is a governmental agency of the State of Texas that owns and operates a waste treatment plant. Enchanted Estates is a homeowners' association functioning in the form of a Texas nonprofit corporation whose members consists of homeowners in the Enchanted Valley Estates Subdivision (Enchanted Valley Subdivision) located in Harris County. The contract generally provides that Timberlake will receive and treat waste water produced by homes located within Enchanted Valley Subdivision.

Enchanted Estates brought suit for breach of contract asserting standing to enforce the contract between Timberlake and Enchanted Development as the legal successor to Enchanted Development, and as a third-party beneficiary to the contract. Enchanted Estates alleged that Timberlake breached its contract by overcharging for water and sewer services.[1] Timberlake answered by filing a general denial and by filing a counterclaim seeking a declaratory judgment that Enchanted Estates has no rights or status under the contract. Enchanted Estates answered Timberlake's counterclaim asserting that Timberlake, by accepting payment for disposal services rendered and in continuing to provide services as provided for in the contract, was estopped from challenging its standing to sue under the contract.

Timberlake then filed a motion for summary judgment asserting that, as a matter of law, Enchanted Estates has no right or status under the written contract and that there are no issues of material fact with respect to Enchanted Estates' status as a third-party beneficiary to the contract. The trial court granted Timberlake's motion for summary judgment. Enchanted Estates now appeals the granting of the summary judgment and contends that there are issues of material fact with respect to: (1) whether Enchanted Estates is a third-party beneficiary of the contract; (2) whether appellant is the legal successor to Enchanted Development; and (3) whether Timberlake is estopped from claiming that Enchanted Estates has no right or standing to bring suit to enforce the contract.

Standard of review

■■■■ Under Tex.R.Civ.P. 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *Rogers v. R.J. Reynolds*, 761 S.W.2d 788, 793–94 (Tex.App.—Beaumont 1988, writ denied). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982); *Rogers*, 761 S.W.2d at 795.

■■■■ Summary judgment is proper for a defendant if its summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gray v. Betrand*, 723 S.W.2d 957, 958 (Tex. 1987); *Goldberg v. United States Shoe*

---

1. Article III, paragraph 3.2 of the contract provides that the charges imposed for providing sewer service may be increased or decreased, but only to the extent sewer rates are increased or decreased by Timberlake for customers within its boundaries. In 1976, the board of directors of Timberlake issued an order increasing the sewer service rates for Timberlake cus-

tomers by $5.00 per month. According to Enchanted Estates, when the $5.00 went into effect, the residents of Enchanted Valley were charged $24.00 per month instead of the $17.00, which represents a $5.00 increase over the $12.00 per month the residents were paying. Thus, Enchanted Estates sued to collect the amount it alleges is an overcharge.

*Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 428 (Tex. 1983); *Haven v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

 In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg*, 775 S.W.2d at 752. Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Goldberg*, 775 S.W.2d at 752.

### Standing to sue under the contract

In its first and second points of error, Enchanted Estates argues the trial court erred in granting summary judgment for Timberlake because there are issues of material fact with respect to its status as a third-party beneficiary to the contract and as the legal successor to Enchanted Development. We will first address Enchanted Estates' point of error number two wherein it asserts that the trial court erred in failing to find a fact issue as to appellant's status as legal successor.

### Is Enchanted Estates a successor in interest?

To support its claim that it is the legal successor to Enchanted Development, Enchanted Estates relies solely on a provision contained in the "First Amendment to Covenants, Conditions and Restrictions of Enchanted Valley Estates." Section 36 of these deed restrictions provides that the Board of Directors of Enchanted Estates has "authority to contract with any individual ... or any other entity whatsoever to assist the association in providing for the proper and efficient operation and maintenance of water production and sewage treatment and disposal facilities to serve residences ... including, but not limited to ... Timberlake Improvement District." Enchanted Estates is also given authority to establish and levy water and sewer assessments for the purpose of acquiring, constructing, maintaining, and operating a water production system and a sanitary sewer collection system for the use and benefit of lot owners within the subdivision. Enchanted Estates also relies on the affidavits of Roger V. Johnson and Charles West, which describe how Enchanted Estates has succeeded to the position of the Enchanted Development insofar as the subdivision and contract in question are concerned.

 The exact meaning of the word "successor" as applied to a contract must depend largely on the kind and character of the contract, its purposes and circumstances, and the context. *Thompson v. North Texas Nat'l Bank*, 37 S.W.2d 735, 739 (Tex.Comm'n App.1931, holding approved). As applied to corporations, "successor" does not ordinarily mean an assignee, but is normally used in respect to corporate entities, including corporations becoming invested with the rights and assuming the burdens of another corporation by amalgamation, consolidation, or duly authorized legal succession. *International Ass'n of Machinists, Lodge No. 6 v. Falstaff Brewing Corp.*, 328 S.W.2d 778, 781 (Tex.Civ.App.—Houston 1959, no writ). The term "successor" has also been defined as "one who takes the place that another has left, and sustains the like part or character." *Safer v. Perper*, 569 F.2d 87, 95 (D.C.Cir.1977); *Wawak Co. v. Kaiser*, 90 F.2d 694, 697 (7th Cir.1937).

 Under the terms of the contract, Timberlake is obligated to provide waste water treatment services for homes located within Enchanted Valley. In exchange, Enchanted Development agreed to pay Timberlake a sum of $75,000 for the initial connection of the sewage collection system and a monthly operating charge. Evidence has been presented to show that Enchanted Estates has assumed the rights and obligations of Enchanted Development under the contract. The Enchanted Valley Water

Supply Company owns the sewer lines within the subdivision and also receives and pays the invoices from Timberlake and bills the subdivision residents. Enchanted Valley Water Supply is an arm of Enchanted Estates. The language in the deed restriction upon which Enchanted Estates relies along with the affidavits does raise facts that defeat Timberlake's assertion that it is not the successor.

We hold that Enchanted Estates has raised a fact issue at least about its status as the legal successor to Enchanted Development.

Enchanted Estates' second point of error is sustained. Points of error one and three are therefore not addressed.

The judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.