In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana




______________________________




No. 06-01 -00195 -CR


______________________________






LUKE CLYDE TEIXEIRA, Appellant




V.




THE STATE OF TEXAS, Appellee





 



On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28437-B





 







Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant




O P I N I O N




 Luke Clyde Teixeira appeals from his conviction for the offense of aggravated sexual assault of a child. He pleaded guilty
to the court without a plea bargaining agreement, and after a punishment hearing at which several witnesses testified, the
court sentenced him to life imprisonment. Teixeira was convicted for two separate offenses and has appealed those
convictions separately. They have been briefed separately, but have several contentions of error common to both appeals.

 In two contentions of error that differ from the other appeal, Teixeira contends the evidence is legally and factually
insufficient to support the verdict, and that an oral amendment of the indictment was ineffective and improper. He also
contends the trial court erred by refusing to consider the entire range of punishment and by allowing Gayle Burress to
testify as an expert on sexual assault and that he received constitutionally ineffective assistance of counsel at the
punishment hearing. 

 We first address his contention regarding the sufficiency of the evidence to support his conviction. In our review of the
legal sufficiency of the evidence, we employ the standards set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This
calls on the court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000).

 In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. Id. at
7. In determining the factual sufficiency of the evidence to establish the elements of the offense, we view all the evidence
in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id.

 Teixeira contends the evidence is insufficient in this guilty plea because the indictment does not allege an aggravated
offense in violation of the Penal Code. Specifically, he points out that the statute (1) criminalizes the act of causing "the
penetration of the mouth . . . by the sexual organ of the actor." The indictment alleges penetration of the mouth "by the
defendant's genitals." Teixeira argues that the words "sexual organ" and "genitals" are not interchangeable and that the
indictment therefore does not allege an offense. 

 The Code of Criminal Procedure specifically states that an indictment may use words that convey the same meaning as or
which "include the sense" of the statutory words. Tex. Code Crim. Proc. Ann. art. 21.17 (Vernon 1989). The generic
dictionary meanings of the word genitals refer to reproductive organs and sexual organs. See Random House Dictionary of
the English Language 797 (2d ed. 1987). In the context of this indictment, it is clear the word "genitals" includes the
essential meaning of the term "sexual organ." Error has not been shown.

 Teixeira also argues the evidence is insufficient because it does not show he penetrated the defendant's mouth as alleged in
the indictment. 

 The State is required to introduce evidence showing the defendant's guilt. See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2002). Evidence is sufficient under Article 1.15 if it embraces every essential element of the offense
charged and establishes the defendant's guilt. See Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial
confession alone is usually sufficient to satisfy the requirements of Article 1.15, but a judicial confession that omits an
element of the offense is insufficient to support a guilty plea. 

 An exception to this rule provides that if the judicial confession contains a "catch-all" phrase that the defendant is guilty
"as charged in the indictment," the confession is sufficient evidence to support the conviction even where an element of the
offense has been omitted. See Snyder v. State, 629 S.W.2d 930, 932 (Tex. Crim. App. 1982). The relevant offense of
aggravated sexual assault on a child is defined by Tex. Pen. Code Ann. § 22.021(a)(B)(ii), (v). Subsection (ii) criminalizes
penetration of the mouth of a child by the sexual organ of the actor, while subsection (v) criminalizes causing the mouth of
a child to contact a sexual organ.

 In this case, counsel correctly points out that Teixeira did not admit in his statement that his genitals either touched or
penetrated the victim's mouth. The offense report does indicate the victim informed her mother and later police that she
had engaged in oral sex with Teixeira. Teixeira signed a judicial confession stating that he had committed the offense as
set out in the indictment. There is clearly some evidence in support of the verdict; thus, the legal sufficiency contention
fails. At most, there is evidence in his judicial confession that he did commit the offense. Under the neutral review
required for factual sufficiency, we also find from this record that the evidence showing he is not guilty of the charged
offense is not so overwhelming as to require us to find that the evidence is factually insufficient to support his plea of
guilty. The contention of error is overruled.

 Teixeira next contends that an oral amendment of the indictment at the time of trial was ineffective. The State asked to
change the word "penetration" to "contact" in count two of the indictment. The trial court granted the motion. 

 The court has held that physical interlineation on the original indictment is acceptable, but not the exclusive means of
effecting an amendment to the indictment. For example, the State may proffer, for the trial court's approval, an amended
version of a photocopy of the original indictment, which if approved should then be incorporated into the record under the
direction of the court under Tex. Code Crim. Proc. Ann. art. 28.11 (Vernon 1989), with the knowledge and affirmative
assent of the defense. The photocopy then becomes the "official" indictment in the case. Riney v. State, 28 S.W.3d 561,
565-66 (Tex. Crim. App. 2000).

 In this case, it appears that when this record was prepared for appeal, the district clerk did not copy the actual indictment
for transmission to this court as part of the official record. The State has informed this court that the original indictment
was scanned into electronic records at the time of its filing and that the district clerk sent us a copy of the scanned version
as part of the official record. We have now received a supplemental record containing a photocopy of the paper indictment,
which was changed by physical interlineation at trial. Our record now contains a photocopy of the paper indictment which
reflects that the wording was physically changed by the trial court. Error has not been shown.

 The remaining contentions of error in this case are that the trial court erred by failing to consider the full range of
punishment, by allowing Gayle Burress to testify as an expert, and by not providing Teixeira effective assistance of counsel
at trial. Those arguments are in every respect identical to the contentions raised in the companion appeal. For the reasons
stated in that appeal, cause number 06-01-00194-CR, we likewise rule on those contentions in favor of the State in this
appeal.

 The judgment of the trial court is affirmed.





 Ben Z. Grant

 Justice



Date Submitted: August 12, 2002

Date Decided: October 1, 2002



Do Not Publish

1. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002).



 if supported by the facts, would make Duke a party to
the contract with Zaval-Tex: (1) through purchases, mergers, and/or name changes, Duke succeeded
to the rights and liabilities of Centana. See Thompson v. N. Texas Nat'l Bank, 37 S.W.2d 735 (Tex.
Comm'n App. 1931) (opinion approved); Procter v. Foxmeyer Drug Co., 884 S.W.2d at 861;
Enchanted Estates Cmty. Ass'n v. Timberlake Improvement Dist., 832 S.W.2d 800, 802 (Tex.
App.-Houston [1st Dist.] 1992, no writ); (2) Duke and Zaval-Tex by their actions agreed to adopt
the written contract between Centana and Zaval-Tex as their contract and acted pursuant to it. See 
Simmons & Simmons Constr. Co. v. W. L. Rea, 155 Tex. 353, 286 S.W.2d 415, 419 (1955); Decker
v. Commercial Credit Equip. Corp., 540 S.W.2d 846 (Tex. Civ. App.-Texarkana 1976, no writ);
Pierce v. Pickett, 432 S.W.2d 586, 589 (Tex. Civ. App.-Amarillo 1968, no writ); Stout v. Oliveira,
153 S.W.2d 590, 596 (Tex. Civ. App.-El Paso 1941, writ ref'd w.o.m.); and (3) Centana and/or its
successors orally assigned their rights in the contract to Duke. See West Realty & Inv. Co. v. Hite,
283 S.W. 481, 483 (Tex. Comm'n App. 1926) (opinion approved); Sorenson v. Dawdy, 196 S.W.2d
687, 689 (Tex. Civ. App.-Fort Worth 1946, no writ); Restatement (Second) Of Contracts §§
317, 324 (1981). As indicated by the review of the summary judgment proof, Duke produced
summary judgment evidence sufficient to raise a fact issue on each of these legal theories.

 In reviewing National Union's motion, we must determine whether, as a matter of law, it has
shown that it is not required to defend or indemnify Duke because it is not a party to a written
contract with Zaval-Tex. We find that this burden was not met. The evidence that Duke treated
Zaval-Tex as being employed under the terms of the written contract that Centana signed is
undisputed. It paid invoices referencing the contract, and the summary judgment evidence shows
that Duke's management considered the contract to be in full effect. National Union's argument that
Duke's later creation of another contract that Zaval-Tex signed shows otherwise is unpersuasive. 
National Union's position that both parties must sign in order for the written contract to have effect
is contrary to the law. 

 National Union also argues that there was never any meeting of the minds between Duke and
Zaval-Tex, that Duke's affidavits do not show that its management assented to the terms of the
contract, and that they only show that it intended to operate under terms like those in the Centana
contract. We disagree. The affidavits indicate that there was an intent to apply the terms of the
contract, that the relationship between the companies had been governed by those terms, and that the
parties believed the contract governed their relationship and acted accordingly. 

 National Union suggests that if Duke succeeded to the contract between Centana and Zaval-Tex, it was only an oral contract, not a written contract, so the terms of the insurance policy were not
met. We disagree. If Duke acquired the rights under the written contract, it was operating under the
written contract, not an oral one. 

 National Union also argues that even if the Centana contract is really a written contract
between Duke and Zaval-Tex, it only requires Zaval-Tex to obtain coverage as to Centana, the party
named in the body of the contract. Again, we disagree. If the contract is effective between Duke and
Zaval-Tex, Duke succeeds to all of Centana's rights and obligations under the written contract.

 National Union's final argument is that it is entitled to know, by looking at the contract, who
becomes an additional insured. If National Union's policy required that the additional insureds be
identified in the policy by name, or provided extra coverage for differing amounts depending on who
the additional insureds were, this argument might have merit, but the policy involved here requires
neither. It simply provides coverage to additional insureds when Zaval-Tex is, by written contract
with another party, required to obtain such coverage. There is no requirement that Zaval-Tex notify
National Union if such a contract exists, or the identity of the additional insured. 

 Duke also filed a motion for summary judgment, and it contends on appeal that the trial court
should have granted its motion. In general, an order granting summary judgment may be appealed,
but an order denying summary judgment may not. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex.
1980). An exception to this rule exists when both parties file motions for summary judgment and
the court grants one and overrules the other. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 400
(1958). On appeal, the proper disposition is for the appellate court to render judgment for the party
whose motion should have been granted. Members Mut. Ins. Co. v. Hermann Hosp., 664 S.W.2d
325, 328 (Tex. 1984); McLemore v. Pac. Southwest Bank, FSB, 872 S.W.2d 286, 289 (Tex.
App.-Texarkana 1994, writ dism'd). Each party, however, must clearly prove its right to judgment
as a matter of law, and neither party may prevail simply because the other party failed to make the
required proof. Bd. of Adjustment of City of Dallas v. Patel, 887 S.W.2d 90, 92 (Tex.
App.-Texarkana 1994, writ denied); James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 703
(Tex. App.-Houston [1st Dist.] 1987, writ denied). 

 We have found that fact issues were raised by the summary judgment evidence on the legal
theories supporting Duke's causes of actions. Summary judgment for Duke or National Union was
therefore improper.

 

 For the reasons stated, we reverse the summary judgment and remand the cause to the trial
court for trial.

 


 William J. Cornelius

 Chief Justice


Date Submitted: August 29, 2001

Date Decided: October 24, 2001


Publish


1. Both parties filed motions for summary judgment.
2. This information is provided in stipulations entered into by the parties and attached to the
motion for summary judgment.
3. A discussion of the concept of successor businesses and assignees is found in Thompson v.
N. Texas Nat'l Bank, 37 S.W.2d 735, 739 (Tex. Comm'n App. 1931) (opinion approved); Procter
v. Foxmeyer Drug Co., 884 S.W.2d 853, 861 (Tex. App.-Dallas 1994, no writ); Enchanted Estates
Cmty. Ass'n v. Timberlake Improvement Dist., 832 S.W.2d 800, 803 (Tex. App.-Houston [1st Dist.]
1992, no writ).