Affirmed and Memorandum Opinion filed May 5, 2005









Affirmed
and Memorandum Opinion filed May 5, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00916-CV

____________

 

HUMBLE COMMUNITY
BANK, A BRANCH OF HOUSTON COMMUNITY BANK, N.A., Appellant

 

V.

 

MID-CENTURY
INSURANCE COMPANY, Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 02-58326

 



 

M E M O R A N D U M   O P I N I O N








Humble Community Bank, a Branch of Houston
Community Bank, N.A., (“HCB”) appeals from a summary judgment favoring
Mid-Century Insurance Company.  HCB sued
Mid-Century as the surety on a receivership bond under Rule 695a of the Texas
Rules of Civil Procedure.  Tex. R. Civ. P. 695a.  On appeal, HCB contends that the trial court
erred in granting summary judgment because (1) HCB has standing to sue
Mid-Century because HCB is the successor in interest to an obligee named in the
bond; (2) the action against the surety was not required to have been brought
in the same action in which the receiver was appointed; and (3) the trial court
erred in granting a no-evidence summary judgment against HCB’s claim for
tortious interference with a contract. 
We affirm.

Background

George Kheir and Zygmunt Kierewicz
operated used car dealerships from a shared facility.  The exact business relationship between the
two men is unclear from the record.  HCB
contends that the two men merely shared business premises.  Kheir had financing and security agreements
with Mountain States Capital (“MSC”). 
Kierewicz had financing and security agreements with HCB.  Kheir allegedly defaulted on his agreements
with MSC, and MSC filed suit against Kheir, Kierewicz, and a third entity,
Towne Motors, which was apparently Kheir’s alter ego.

MSC requested that a receiver be appointed
to take custody of alleged collateral (including vehicles and retail
installment contracts) at the premises used by Kheir and Kierewicz.  Pursuant to Rule 695a of the Texas Rules of
Civil Procedure, MSC obtained a surety bond with Mid-Century related to the
receivership.  Tex. R. Civ. P. 695a.[1]  The bond states in relevant part as follows:

MSC, plaintiff, as
principal and Mid-Century Ins. Co. as surety, do hereby acknowledge ourselves
bound to pay to Defendants, George Benjamin Kheir, Individually and d/b/a Towne
Motors, Towne Motors, and Zygmunt Kierewicz, the sum of ONE HUNDRED SEVENTY
FIVE THOUSAND AND NO/100 DOLLARS ($175,000), conditioned for the payment of all
damages and costs in this suit in case it should be decided that such receiver
was wrongfully appointed to take charge of the property.








After the receiver was appointed, HCB
joined the litigation.  According to
HCB’s allegations in the present lawsuit, the receiver not only took custody of
assets owned by Kheir and collateralized to MSC but also wrongfully took
custody of assets owned by Kierewicz and collateralized to HCB.  Eventually, under a Rule 11 agreement, the
parties agreed to have the assets in the receiver’s custody collected (the
retail installment contracts) or sold (the vehicles) and the proceeds held in
bank accounts pending the outcome of the litigation.  At some point, as the litigation continued,
MSC filed for bankruptcy.  Ultimately,
the trial court dismissed MSC’s lawsuit for want of prosecution.

HCB subsequently brought the present
lawsuit against Mid-Century as the surety on the receivership bond.  HCB contends that in wrongfully taking custody
of Kierewicz’s assets, the receiver caused damages to HCB by (1) permitting
physical damage to be done to the vehicles; (2) causing Kierewicz to default on
his obligations to HCB; and (3) confusing obligors on the retail installment
contracts as to whom they were supposed to pay, resulting in numerous
defaults.  In its petition, HCB also
alleged tortious interference with a contract, although the factual allegations
under this cause of action relate solely to conduct by MSC, which was not named
as a defendant by HCB.  It is therefore
clear that in its tortious interference cause of action, HCB is attempting to
recover from Mid-Century only as surety on the receivership bond.

Mid-Century filed a motion for summary
judgment alleging that (1) HCB cannot maintain an action on the receivership
bond because the language of the bond imposed no obligation on Mid-Century in
relation to HCB; (2) an action against a surety under Rule 695a has to be
brought in the same action in which the receiver was appointed; and (3) HCB can
produce no evidence to support its tortious interference cause of action.  The trial court granted the motion without
specifying the grounds therefor.

Discussion








We utilize the normal standards for
reviewing the grant of traditional and no-evidence summary judgments.  See Tex.
R. Civ. P. 166a(c), (i); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750-51 (Tex. 2003) (no-evidence standards); Nixon v. Mr. Prop.  Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985) (traditional standards).  In its
first ground for summary judgment, Mid-Century asserted that HCB could not sue
to collect on the receivership bond because the language of the bond imposes no
obligation on Mid-Century to pay HCB under any circumstances.  In its first issue on appeal, HCB contends
that the trial court erred if it concluded that HCB did not have standing to
sue on the receivership bond.

A plaintiff has standing when it is
personally aggrieved by an alleged wrong. 
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 661-62 (Tex. 1996); Metro. Transit Auth. Harris County, Tex. v. Graham
105 S.W.3d 754, 760 (Tex. App.—Houston [14th Dist.] 2003, pet denied).  The general test for standing is whether
there is a real controversy between the parties that will be determined by the
judicial declaration sought.  Nootsie
Ltd., 925 S.W.2d at 662.  Here, the
question is not whether HCB was injured by the alleged wrongful appointment of
the receiver or by the receiver’s actions (as HCB has named neither MSC nor the
receiver in the present action); instead, the question is whether HCB was
injured by Mid-Century’s refusal to pay on the receivership bond.  In Texas, surety agreements are interpreted
under the doctrine of strictissimi juris (“of the strictest right or
law”) in order to refrain from extending the surety’s obligation by implication
beyond the written terms of the agreement. 
Vastine v. Bank of Dallas, 808 S.W.2d 463, 464 (Tex. 1991); Augusta
Court Co‑Owners’ Ass’n v. Levin, Roth & Kasner, 971 S.W.2d 119,
123 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

HCB specifically argues that it has
standing to sue on the bond because it is a successor in interest to Kierewicz,
who was a named obligee in the bond.  In
support of its contention, HCB cites to the following paragraph in the security
agreements between itself and Kierewicz:

Authority of Secured Party to Make
Advances and Perform for Debtor.

. . . .








If I fail to
perform any of my duties under this security agreement, or any mortgage, deed
of trust, lien or other security interest, you may without notice to me perform
the duties or cause them to be performed. 
I understand that this authorization includes, but is not limited to permission
to:  (1) prepare, file, and sign my name
to any necessary reports or accountings; (2) notify any account debtor of your
interest in this property and tell the account debtor to make the payments to
you or someone else you name, rather than me; (3) place on any chattel paper a
note indicating your interest in the property; (4) in my name, demand, collect,
receive and give a receipt for, compromise, settle, and handle any suits or
other proceedings involving the collateral; (5) take any action you feel is
necessary in order to realize on the collateral, including performing any part
of a contract or endorsing it in my name . . . .

According to Black’s Law Dictionary, a
“successor” is “[a] person who succeeds to the office, rights,
responsibilities, or place of another; one who replaces or follows
another.”  Black’s Law Dictionary 1446 (7th ed. 1999).  A “successor in interest” is “[o]ne who
follows another in ownership or control of property.”  Id. 
In keeping with these definitions, Texas law acknowledges that a
successor in interest “steps into the shoes” of another, assuming both their
rights and obligations in respect to the property or position.  See  Augusta Court, 971 S.W.2d at 126
(citing Thompson v. N. Tex. Nat’l Bank, 37 S.W.2d 735, 739 (Tex. Comm’n
App. 1931, holding app’d)); Enchanted Estates Cmty. Ass’n v. Timberlake
Improvement Dist., 832 S.W.2d 800, 802 (Tex. App.—Houston [1st Dist.] 1992,
no writ).            Under the paragraph highlighted by HCB, upon Kierewicz’s
default, HCB was entitled to perform any of his “duties” under the
agreement.  It appears to be completely
HCB’s option as to which of the duties it chooses to perform or whether it
chooses to perform any of them.  Further,
it does not require HCB to take on any of Kierewicz’s obligations regarding the
collateralized assets, whether in regard to the security agreement or in
relation to any third parties.  Not only
does this agreement not constitute proof that HCB became Kierewicz’s successor,
its optional nature negates such a conclusion. 
We also note that the record contains no evidence HCB foreclosed on any
of Kierewicz’s assets or otherwise came into ownership of those assets.  In other words, HCB did not replace or follow
Kierewicz as owner of the property.[2]








Thus, we find that HCB’s assertion that it
had standing to sue on the receivership bond as the successor in interest to
Kierewicz is without merit.  HCB makes no
other arguments regarding standing.  We
therefore find that the trial court did not err in granting summary judgment
favoring Mid-Century.  See Tex. R. Civ. P. 166a; Nootsie Ltd.,
925 S.W.2d at 662;   Augusta Court, 971 S.W.2d at 126.  Because we affirm the grant of summary
judgment on the standing ground, we need not address HCB’s second and third
issues.  These issues are dismissed as
moot.[3]

The trial court’s judgment is affirmed.

 

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 5, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  Rule 695a
provides that no receiver may be appointed to take charge of property involved
in litigation without the party requesting the receivership filing a bond
payable to the defendants and conditioned for the payment of all damages and
costs should it be held that the receiver was wrongfully appointed.  Tex. R. Civ. P. 695a.





[2]  Indeed, in its
brief, HCB refers to the property as “Kierewicz’s property” and HCB’s
“collateral.”





[3]  As mentioned
above, HCB raised its tortious interference cause of action only as a method of
collecting on the receivership bond. 
Because HCB was without standing to sue on the bond, its third issue
attacking the no-evidence ground is rendered moot.