Dennis DIERLAM, Appellant,

v.

CLEAR LAKE HOSPITAL, Appellee.

No. A2230.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 26, 1979.

Fred L. Fraser, Houston, Charles R. Clements, Webster, for appellant.

Richard E. Gray, III, J. Nicholson Meindl, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This is an appeal from a judgment dismissing Appellant Dennis Dierlam's suit under the Texas Deceptive Trade Practices—

Consumer Protection Act. We reverse and remand.

On January 27, 1977, Dierlam's sixteen year old daughter, Amy, entered the emergency room of the Clear Lake Hospital. Dierlam's wife accompanied Amy and signed the admittance agreement which set forth that appellant was responsible for all charges. On discharge, February 14, Amy had incurred a hospital bill of $7,365.94, of which $155.00 was paid on February 15, leaving a balance of $7,210.94. No further payments were made.

For an unexplained reason, appellee sued appellant on sworn account in Bexar County, even though both appellee and appellant were resident in Harris County. Appellee recovered a default judgment of $10,068.72 which amount included attorneys' fees of $2,858.78.

On January 24, 1978, appellant filed suit in the district court of Harris County alleging damages of $11,000.00 occasioned by appellee's alleged violation of § 17.46(b)(21), Texas Deceptive Trade Practices—Consumer Protection Act. That section includes as a definition of a false, misleading or deceptive trade practice "filing suit founded upon a written contractual obligation of and *signed by the defendant* to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract . . . ." Tex.Bus. & Comm. Code Ann. § 17.46(b)(21) (Vernon Supp. 1978–1979) (emphasis added). Appellant prayed for three times the actual damages alleged plus attorneys' fees under the provisions of § 17.50(b)(1) of the same act.

Appellee, claiming that the prior suit was on sworn account and not founded on a written contract, moved for summary judgment. This motion was denied. Appellee then filed special exceptions, in which it claimed that appellant's original petition was "too vague, general and indefinite . . .

as to allege a cause of action." Appellee also excepted to the allegation of damages as being "too vague, general and indefinite to apprise" it of the appellant's asserted injuries. The court sustained the special exceptions and ordered appellant to replead within 30 days.

When appellant repled, he was again met with a motion for summary judgment based on the fact that the contract was not signed by appellant. This motion was denied. Thereupon, appellee filed a "motion to dismiss for failure to state a cause of action" on the ground that appellant could never plead a cause of action inasmuch as he, himself, had not signed the contract. Prior to the court's ruling, appellant filed his second amended original petition in which he alleged that the contract was signed by his agent.

The court below sustained appellee's motion and dismissed with prejudice.

Appellant assigns as his first point of error that the trial court erred in sustaining these special exceptions to the plaintiff's original petition. We agree.

Rule 90, Tex.R.Civ.P., prohibits the use of general demurrers, while Rule 91 requires that a special exception "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." The failure of appellee's special exceptions to point out wherein appellant's allegations were faulty reduced such exceptions to a general demurrer. *McCamey v. Kinnear*, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). A special exception must inform the opposing party of his defect so that he may cure it, if possible, by amendment. 2 McDonald, Texas Civil Practice § 7.18 (1970).

Pleadings which give fair and adequate notice to their adversary are sufficient. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex.Sup.1977). For purposes of ruling on the trial court's sustaining of special exceptions and dismissal of the suit for failure to state a cause of

action, we must accept all of appellant's pleaded allegations as true. *Anderson Dev. Corp. v. Coastal States Crude Gathering Co.,* 543 S.W.2d 402 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.). In his original pleadings, appellant claimed a specific violation of a specific section of the Texas Deceptive Trade Practices—Consumer Protection Act, and alleged damages, the basis of which was readily determinable. Hence, the court below erred in not overruling these special exceptions.

 Appellant complains, in his fourth point of error, of the trial court's dismissing of his cause of action while his second amended petition was on file. We agree that before the trial court dismissed the case with prejudice this petition should also have been made subject to special exception. Appellant's fourth point of error is sustained.

Appellee urges with great vigor that even if it be conceded that the court below was in error in granting the special exception such error was harmless because the Bexar County suit was based upon an itemized verified statement of account and not upon a written contract, and because the contract which existed was not signed by appellant as required by the statute. However, these are matters which should be developed at trial, and, while we have no opinion as to the ultimate success of appellant's cause, the statutory injunction of § 17.44, Tex.Bus. & Com.Code Ann. (Vernon Supp.1978–1979) to construe and apply the Act liberally in order to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty" gives enough substance to appellant's claim to warrant remanding the cause to the trial court for further development of the evidence. We do not intend to foreclose further amendments of the pleadings of either or both parties.

Inasmuch as the case must be reversed, we do not reach appellant's other points of error.

The judgment of dismissal with prejudice for failure to state a cause of action is reversed, and the cause is remanded to the trial court.