Berney KESZLER, Appellant,

v.

MEMORIAL MEDICAL CENTER
OF EAST TEXAS, Appellee.

No. 13–01–024–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 3, 2003.

Matthew Stephen Muller, Houston, for appellant.

Elizabeth M. Fraley, Maria Wormington, Fraley, Fraley & Wentz, Dallas, Jaime L. Capelo, Chaves, Gonzales & Hoblit, Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and WITTIG.[1]

## OPINION

Opinion by Justice WITTIG (Retired).

Bernie Keszler, M.D., appeals an adverse summary judgment in favor of Memorial Medical Center of East Texas. Keszler raises multiple issues including: waiver or estoppel to assert hospital committee privilege; "defective record and unproven privilege;" and, a complaint on statutory immunity. The core issue we address is the proper use of the no-evidence summary judgment motion. *See* Tex.R. Civ. P. 166a(i). While it appears appellant was not allowed sufficient time for discovery, because appellee's motions for summary judgment were fundamentally deficient, we reverse and remand.

---

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

## I

Dr. Keszler was Chief of Anesthesia at Memorial Medical Center of East Texas (Hospital) in the late 1980's. He had a dispute with the Hospital which prompted a lawsuit in Angelina County. The litigation between Keszler and the Hospital ended in a compromise settlement agreement in December 1987. By way of background, under the terms of the settlement, the Hospital was to pay Keszler over $200,000, Keszler was to convey his interest in a real estate tract, the Hospital was to assume the indebtedness on the tract of over $180,000, Keszler was to resign as Chief of Anesthesia, and then was to be reappointed to the staff for two years. But the current litigation more narrowly focuses on the contractual agreement by the Hospital that it would dismiss the disputed corrective action and "Memorial shall expunge the record of said corrective action."[2] The settlement agreement also provided for liquidated damages in the amount of $200,000 for any material breach by the Hospital. This action is predicated on the Hospital's alleged breach of its agreement to expunge the hospital records.

In 1999, when Keszler applied for credentialing at Santa Rosa Hospital in San Antonio, Santa Rosa told Keszler that the appellee Hospital sent a letter stating Keszler was subjected to disciplinary or corrective action in Lufkin. Santa Rosa denied credentialing to Keszler. Keszler then filed this suit in Bexar County. The Hospital filed a motion to transfer venue to Angelina County which contended, *inter alia,* that the settlement agreement required performance in Angelina County.

Affirmative defenses were also alleged, including accord and satisfaction, estoppel, illegality, release, waiver and immunity. The Hospital also affirmatively pled provisions of the Texas Occupations Code and the United States Code. *See* Tex. Occ.Code Ann. § 160.010 (Vernon 2003); 42 U.S.C. § 11101–11152 (2000). The Hospital further sought affirmative relief on its counterclaim for breach of the settlement agreement and the release.

The current action was filed in Bexar County in August 1999. It was transferred to Angelina County in January 2000. The no-evidence summary judgment against Keszler's contract claim was granted, before any discovery was completed, in March 2000. Two "supplemental" summary judgment motions were thereafter granted in favor of the Hospital—each supplement assumed the initial motion was properly granted. The first supplemental summary judgment was granted against Keszler's myriad claims brought in his First Amended Petition. These additional claims ranged from fraud to Sherman Anti–Trust violations. Then the district court granted the second supplemental summary judgment favoring the Hospital on its counterclaim for breach of contract; this order included an award against Keszler for almost $20,000 in attorney's fees and costs.

## II

In a "no-evidence" summary judgment, a party is entitled to summary judgment if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the

---

**2.** The expungement exempted any report necessary under the "Health Care Quality Improvement Act." This is an apparent reference to 42 U.S.C. §§ 11101–11152 (2000). Section 401 of Title IV of Pub.L. 99–660, 100 Stat. 3784 ("This title [enacting this chapter and provisions set out as a note under section 11111 of this title] may be cited as the 'Health Care Quality Improvement Act of 1986.' ") *Id.* However, no issue is raised concerning this aspect of the contract.

burden of proof at trial. TEX.R. CIV. P. 166a(i). In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard as a directed verdict. *Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 698 (Tex.App.-Corpus Christi 2001, pet. granted). A no-evidence summary judgment is proper if the respondent fails to bring forth more than a scintilla of probative evidence in support of one or more essential elements of a claim. TEX.R. CIV. P. 166a(i).

■■■ A "no-evidence" summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Zapata v. The Children's Clinic*, 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983); *Zapata*, 997 S.W.2d at 747. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Havner*, 953 S.W.2d at 711; *Zapata*, 997 S.W.2d at 747.

Today, we also hold that a no-evidence motion for summary judgment is fundamentally flawed when used against an adverse party who would not have the burden of proof at trial on the element or issue raised. TEX.R. CIV. P. 166a(i).

■■■ Where a summary judgment motion does not unambiguously state that it is filed under rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional summary judgment motion. *Michael v.*

*Dyke*, 41 S.W.3d 746, 750 (Tex.App.-Corpus Christi 2001, pet. denied).

We review the trial court's granting of a motion for summary judgment *de novo. Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank–Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). When reviewing a summary judgment under either the no-evidence standard or the traditional standard, we view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Morgan v. Anthony*, 27 S.W.3d 928, 930 (Tex. 2000); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

### III

■■■ In the first prong of the Hospital's original motion for summary judgment, it asserts a privilege against discovery on behalf of three Bexar county hospitals. The Hospital maintains any information it submitted to the San Antonio hospitals is privileged under state and federal law and may not be used against it in the present lawsuit. The Hospital specifically argues that any communication between it and the other hospitals are not discoverable because they are records and proceedings of and communications to a medical peer review committee, pursuant to the former provisions of article 4495b of the Texas Revised Civil Statutes. Act of August 5, 1981, 67th Leg., 1st C.S., ch. 1, 1983 Tex. Gen. Laws 30 (current version at TEX. OCC.CODE ANN. § 160.001–.0115 (Vernon 2003)).[3] The Hospital argues all communi-

---

**3.** At the time that Keszler filed the present action, in August 1999, the former provisions

of TEX.REV.CIV. STAT. ANN. art. 4495b, § 5.06(g),(j), (s)(3) (Vernon Supp.1998), were

cations to a "medical peer review committee" are privileged and are not subject to discovery by virtue of the explicit wording of the statute. In support, it cites *Memorial Hospital–The Woodlands v. McCown*, 927 S.W.2d 1, 5 (Tex.1996)(hospital committee considering a physician's initial application for staff privileges is a "medical peer review committee" within the scope of former article 4495b, now TEX. OCC.CODE ANN. § 160.007 (Vernon 2003)).[4] We accept this authority as correct. However, the Hospital's motion begs the question and suffers both procedural and substantive deficiencies.

In an unsyllabled motion, the Hospital does not attack the elements of Keszler's claim for breach of contract. The Hospital fails to point to a single element of Keszler's contract claim for which there is no evidence. Rather, the Hospital generally avers Keszler can have no evidence at all because of the asserted privilege. The motion is no more than a general demurrer. General demurrers are long antiquated in Texas practice. TEX.R. CIV. P. 90 (general demurrers shall not be used); *see Dierlam v. Clear Lake Hospital*, 593 S.W.2d 774, 775 (Tex.App.-Houston [14th Dist.] 1979, no writ) (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977) (pleadings need give fair and adequate notice to their adversary) (citing TEX.R. CIV. P. 45)).

We recently delineated the requirements of a no evidence motion for summary judgment in *Oasis Oil Corp. v. Koch Refining Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied). There we noted:

1. the no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial," TEX.R. CIV. P. 166a(i);

2. "the motion must state the elements as to which there is no evidence," *Id.;*

3. "the motion must be specific in challenging the evidentiary support for an element of a claim," TEX.R. CIV. P. 166a cmt.;

4. "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case," *Id.;*

5. "its response need only point out evidence that raises a fact issue on the challenged elements," *Id.;* and

6. "the respondent is not required to marshal its proof." *Id.*

*Id.* at 252.

As we observed, under Texas Rule of Civil Procedure 166a(i), the Hospital could only bring a no-evidence motion for summary judgment on a claim or defense on which Keszler would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The Hospital's motion boils down to its assertion: "In this case, Appellee moved for summary judgment based on 166a(i) because the express language of section 5.06 of article 4495b prohibits the disclosure and discovery of the communications at issue." As we understand the record, the Hospital has yet to demonstrate to the trial court that its own records are privileged. Other than three Bexar County hospitals' claims of privilege, the Hospital offered no affidavits, no records for *in-camera* inspection, or other proof to sus-

---

still in effect. Although the Occupations Code is now the proper citation, the summary judgment herein was requested and granted referencing article 4495b.

4. There are differences between former article 4495b and TEX. OCC.CODE ANN. § 160.007 (Vernon 2003), as well as other sections cited. We do not specifically address these differences because they are not material to this decision.

tain its burden on its claim of privilege. *See Michael,* 41 S.W.3d at 750.

■ We note several potentialities exist that could defeat the Hospital's claimed privilege. As appellant argues, because the Hospital has used the privilege offensively to seek or obtain a judgment against Keszler, it may be estopped at common law from this assertion.[5] *Public Safety Officers Ass'n. v. Denton,* 897 S.W.2d 757, 761 (Tex.1995). Under section 160.007(d) of the Occupations Code the hospitals must comply with a subpoena under certain conditions. TEX. OCC.CODE ANN. § 160.009 (Vernon 2003). Under section 160.007(f) of the Occupations Code, "a person participating in peer review" may use otherwise confidential information in the defendant's own defense. *Id.* § 160.007(f). Under section 160.007(d) of the Occupations Code, Keszler is entitled to a copy of the Bexar County hospitals' final decision including a statement of the basis for the decision. *Id.* § 160.007(d). In fact, Keszler attached this record to his summary judgment response. And under the unusual circumstances of this case, Keszler may well be able to secure a waiver of otherwise confidential information from one or more of the hospitals. *Id.* § 160.007(f). Certain business and administrative files apart from peer review committee's deliberations are not privileged. *In re Methodist Hosp.,* 982 S.W.2d 112, 115 (Tex.App.-Houston [1st Dist.] 1998, no pet.) In any event, these matters do not appear to have been appropriately aired and argued in the trial court so that it may determine, after a proper hearing and proof from the Hospital, whether or not the Hospital is entitled to avoid all discovery or indeed succeed on any privilege whatsoever. *See Jordan v.*

*Court of Appeals for the Fourth Supreme Judicial Dist.,* 701 S.W.2d 644, 647–48 (Tex.1985) (holding that nothing said in the statute or this opinion would prevent the proof or discovery of matters otherwise permitted over the objection that such evidence has been previously presented to the Hospital committee; rules of procedure favor full discovery).

Other methods of proof exist. The supreme court noted some time ago, nothing that is said in the statute would prevent the proof or discovery of matters otherwise permitted over the objection that such evidence has been previously presented to the Hospital committee. *Texarkana Mem'l Hosp., Inc. v. Jones,* 551 S.W.2d 33, 36 (Tex.1977). "The presentation of evidence or opinion to a Hospital committee during its deliberations does not thereby make that evidence or opinion privileged if offered or proved by means apart from the record of the committee." *Id.* The effect of the statute is simply to prevent the discovery and use of the records and proceedings of the committee. *Id.* And the inner workings of a hospital committee would also seem to be the fertile turf of expert witnesses. *See* TEX.R. EVID. 702.

■ In sum, the first prong of its no-evidence motion, like the second prong, is fundamentally flawed. When a rule 166a(i) motion fails to specify the elements as to which there is no evidence, does not specifically challenge the evidentiary support for an element of a claim, and is a conclusory or general no-evidence challenge to an opponent's case, the motion is incurably defective on its face. *See Oasis*

5. In its second supplemental motion for summary judgment, the Hospital obtained an offensive judgment against Keszler on its counterclaim for nearly $20,000, relying on the very contract (and release) it contends that Keszler cannot prove due to privileges. Keszler had to defend the very contract the Hospital contended he could not prove. Thus Keszler figuratively found himself in a Hospital straightjacket.

*Oil Corp.* 60 S.W.3d at 252; TEX.R. CIV. P. 166a(i) and cmt.

◼ Even if we were to disregard the severe procedural defects of the Hospital's principal prong of its no-evidence motion, Keszler did file a sworn affidavit setting out a minimal breach of contract claim. The elements in a suit for breach of contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Guzman v. Ugly Duckling Car Sales of Texas, L.L.P.,* 63 S.W.3d 522, 528 (Tex.App.-San Antonio 2001, pet. denied). Keszler attached a signed contract with the Hospital providing for their expungement of corrective action. Direct proof showed the corrective action was not expunged because documentation from Santa Rosa demonstrated unexpunged disciplinary action by the Hospital.[6] Circumstantially, the fact Keszler was denied privileges at all three Bexar County hospitals, after Keszler listed his prior service with the Lufkin Hospital, also gives rise to an inference that the Hospital failed to perform the terms of the contract. Damages were liquidated by the contractual terms. A no-evidence summary judgment is improperly granted if the nonmovant counters with more than a scintilla of probative proof to raise a genuine issue of material fact. *Lampasas v. Spring Ctr., Inc.,* 988 S.W.2d 428, 432 (Tex.App.-Houston [14th Dist.] 1999, no pet.). And under Texas Rule of Civil Procedure 166a(c), the movant must either conclusively negate an element from each of the plaintiff's causes of action or conclusively establish every element of an affirmative defense. *Oasis Oil Corp.,* 60 S.W.3d at 252 (citing *Gibbs v.*

*General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970)).

◼ In the second prong of the Hospital's original motion for summary judgment, it argued that it was entitled to qualified immunity under article 4495b. TEX.REV.CIV. STAT. ANN., art. 4495b, §§ 5.06(*l*), (m), (t) (Vernon Supp.1998) (qualified immunity from civil liability). Effective September 1, 1999, that article was repealed and recodified in the Texas Occupations Code. TEX. OCC.CODE ANN. § 160.010 (Vernon 2003). The Hospital candidly admits in its pleadings that qualified immunity is an affirmative defense. A no-evidence motion for summary judgment does not apply to affirmative defenses. TEX.R. CIV. P. 166a(i). Rather its application is limited to an essential element of a claim or defense on which the adverse party would have the burden of proof at trial. *Id.; Oasis Oil Corp.,* 60 S.W.3d at 252; *Lampasas,* 988 S.W.2d at 432. Keszler was under no obligation to bring forth proof against this affirmative defense. Accordingly, the Hospital's summary judgment cannot be sustained on this ground. Similarly, the Hospital's motion fails as a traditional or senior rule motion for summary judgment under Rule 166a(c). *See* TEX.R. CIV. P. 166a(c). The Hospital brings forth neither proof its own conduct is exempt nor proof that would negate any element of appellant's contract claim. *Id.* Thus, the record cannot support this defense as a matter of law. *Id.*

◼ The Hospital's two supplemental motions for summary judgment are likewise legally and procedurally infirm. As noted above, the first supplemental motion for summary judgment purportedly addressed multiple new claims asserted by

6. We do not decide this privilege sub-issue, which has yet to be heard by the trial court, and is not properly briefed by either party.

Kessler in an amended petition. It did not. The Hospital argues from *Lampasas* that the purpose of a no-evidence summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Lampasas*, 988 S.W.2d at 436. The focus is shifted away from pleadings to the actual evidence. *See Id.* More narrowly, an appellant cannot avoid a no-evidence summary judgment simply by amending his petition. *See Id.* at 437. Rather he must come forward with some evidence on the *challenged elements*. *See Id.* (emphasis added). We agree. The Hospital, however, misreads *Lampasas*. In *Lampasas*, the appellant's second amended petition included four new variations of negligence (already pled) against one defendant and one new variation of negligence (already pled) against another. *Id.* The summary judgment movant had properly challenged the essential elements of duty, breach and causation. *Id.* The amended petition likewise sounded only in negligence and was composed of the same essential elements, duty, breach, and causation, which had already been challenged. *Id.* In contrast, Keszler timely filed an amended petition not pleading variations of his contract claim, but rather for fraud, slander, constitutional deprivations, and violation of the Sherman Anti–Trust Act, among other claims. The Hospital failed to meet the test of *Lampasas* and Texas Rule of Civil Procedure 166a(i) for two reasons. First, it did not initially challenge any element of Keszler's contract claims (in its original motion). And second, the essential elements of fraud, slander, *et cetera*, are decidedly different than the elements of a contract. Thus, the Hospital addressed

none of the essential elements of either the original or amended claims.

*Lampasas* duly notes that newly filed pleadings may raise entirely new distinct elements of a cause of action not addressed in a no-evidence motion for summary judgment. *Id.* In footnote 5, the opinion acknowledges that unaddressed issues or elements cannot be a basis for summary judgment. *Id.* (citing *Hodde v. Young*, 672 S.W.2d 45, 47 (Tex.App.-Houston [14th Dist.] 1984), *writ ref'd n.r.e.*, 682 S.W.2d 236 (per curiam); *Dillard v. NCNB Texas Nat'l Bank*, 815 S.W.2d 356, 358 (Tex.App.-Austin 1991, no writ) (unaddressed counterclaim), *overruled on other grounds, Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex.1992); *Uribe v. Houston Gen. Ins. Co.*, 849 S.W.2d 447, 450–51 (Tex.App.-San Antonio 1993, no writ) (separate, distinct, and unaddressed counterclaim); *Chessher v. Southwestern Bell Tel.*, 658 S.W.2d 563, 564 (Tex.1983) (defense to only one of four causes of action addressed in summary judgment motion)). We hold the Hospital's first supplemental motion fails because it did not address Keszler's new claims which raised separate and distinct issues and elements. *See Chessher*, 658 S.W.2d at 564.

Both supplemental motions also fail because of their faulty premise. The two subsequent motions were based almost entirely upon the erroneous granting of the original motion for summary judgment.[7] They further fail procedurally because they do not specify the elements as to which there is no evidence, do not specifically challenge the evidentiary support for an element of a claim, and are conclusory or general no-evidence challenges to an opponent's case. TEX.R. CIV. P. 166a(i) & cmt.[8]

---

7. In its brief at page 14, appellee argues: "All of these actions arise out of the communica-

tions, if any, between Appellee and the three Bexar County hospitals."

8. Nor does the second supplemental motion

 Finally, and ironically, the Hospital's second supplemental motion for summary judgment is for damages for breach of the very contract the Hospital contends appellant cannot prove. Somehow, because appellant cannot prove a contract breach, he thereby breaches the self-same contract. Because the initial motion for summary judgment fails, the supplemental motion on the counterclaim must likewise fail. Specifically, we have already noted that appellant's proof includes some evidence of breach of contract by the Hospital.

### IV

Keszler also contends the Hospital's motion for summary judgment, granted a little over two months after the case was transferred to Angelina County, was not "after sufficient time for discovery." *See* Tex.R. Civ. P. 166a(i). Historically, when a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Two Thirty Nine Joint Venture v. Joe*, 60 S.W.3d 896, 902 (Tex.App.-Dallas 2001, pet. filed) (citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996)). Like the Hospital's procedural deficiencies, Keszler's motions did not comply with the rules. Tex.R. Civ. P. 252.[9] Because it is not material to this decision, we do not address the literal requirement that a no-evidence motion be filed only

"after adequate time for discovery." [10] *See* Tex.R. Civ. P. 166a(i).

The judgment of the court is reversed and remanded.

---

on the counterclaim conform to Rule 166a (c). Indeed, it even recites it could be granted without a hearing.

9. On remand, it would seem to us that the interests of justice would demand a reasonable period of time for discovery be allowed. As we understand the record, the discovery undertaken by Keszler was abated during the pendency of the motions for summary judgment.

10. Earlier cases noting the requirement of a motion for continuance or other affidavit are premised upon rule 166a(c) which allows a motion "anytime" after appearance. Tex.R. Civ. P. 166a(c). It would seem rule 166a(i) has a stricter protocol allowing such a motion only "after adequate time for discovery." Tex.R. Civ. P. 166a(i).