

# NUMBER 13-23-00541-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SASHA STURDIVANT CRANE **Appellant,**

**v.**

ROBERT H. CRANE, **Appellee.**

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides**

In this easement dispute between family members, the trial court granted a no-evidence motion for summary judgment in favor of appellee, Robert H. Crane, and ordered that appellant, Sasha Sturdivant Crane, take nothing on her request for a declaratory judgment and permanent injunction. By a single issue, Sasha contends that summary judgment was improper because a fact issue remains as to whether her

easement survived Robert's sale of a portion of his land to the City of McAllen (the City). We reverse and remand.

## I.     BACKGROUND

Robert and his wife, Baudelia Crane, own a large parcel of land in McAllen, Texas. Robert's son, Scott Crane, and Sasha, Scott's then-wife, owned a landlocked parcel abutting Robert's and Baudelia's land. On December 1, 2002, Robert and Baudelia granted Scott and Sasha an easement and right-of-way across the property "for the purpose of ingress and egress." The easement's location was to be

> generally in the Western 24 feet of lots 28 and 29 of Ebony Heights Citrus Groves Subdivision, but shall also include such existing paved roadways which deviate and extend beyond the Western 24 feet of said lots 28 and 29 but remain within the Western 60 feet of said lots 28 and 29 of Ebony Heights Citrus Groves Subdivision.

And the parties agreed that Robert, Baudelia, and their "heirs, executors, administrators[,] and successors" were bound "to warrant and forever defend all and singular the easement granted." On January 28, 2009, Robert and Baudelia sold a 35,864 square foot parcel of their land to the City. Scott passed away in 2014, leaving Sasha as the sole owner of the landlocked parcel and corresponding easement.[1]

On December 7, 2022, Sasha filed her original petition in this case, alleging that Robert had interfered with her "right to utilize the easement to access her property by building a fence that cuts off access to [Sasha's] property." As a remedy, Sasha sought a declaratory judgment regarding Robert's interference with her use and enjoyment of the easement, and a permanent injunction forbidding Robert from "building a fence around

---

[1] These contextual facts come from the summary judgment record.

the eastern quarter of the property which would interfere with [Sasha's] rights under the recorded easement."

On September 11, 2023, Robert filed a no-evidence motion for summary judgment, asserting that "[t]o prove entitlement to relief, [Sasha] must show that she has a right to cross [Robert]'s property." However, according to Robert, the sale of land to the City "swallowed the 24 foot access easement [he] previously granted to [Sasha]." Robert also acknowledged in his motion that he "constructed a modest cedar fence along a portion of his southern and eastern property lines," but contended that the fence "does not cross any property lines and nowhere crosses the former easement that [Sasha] once held before the City took it." Accordingly, Robert contended that Sasha "cannot provide any competent summary judgment evidence that she still owns an easement that crosses [Robert's] property, or that the cedar fence [Robert] installed on his southern and eastern property lines crosses any easement of [Sasha's]."

On October 4, 2023, Sasha filed her response to the no-evidence motion for summary judgment. Sasha maintained that Robert "consistently fail[ed] to specify which elements [Sasha] allegedly has no evidence for." Attached to Sasha's response was the warranty deed selling part of Robert's land to the City, which explicitly made the transfer of land subject to any "[e]asements and reservations as may appear upon the recorded map and plat thereof or otherwise of record."[2]

Sasha also attached an affidavit by Richard Melamed, a licensed attorney board-

---

[2] Additional exhibits were attached to Robert's motion. However, the trial court sustained Sasha's objections to several of these exhibits and thus we do not consider them in this appeal. *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 839 (Tex. 2022).

certified in Farm and Ranch Real Estate Law. Melamed represented that he reviewed the recorded easement and the warranty deed in which Robert "conveyed the dominant estate underlying the easement to the City" and concluded that the conveyance "had no effect on the pre-existing easement rights vested in Sasha."

An email exchange between Robert and Kevin D. Pagan was also attached to Sasha's response, in which Robert summarized the facts surrounding the easement as follows:

> [W]hen I gave their home site to Scott and Sasha in 2002, the lot was platted with a 50' foot [sic] wide "leg" running out to the Bicentennial right of way intended for access to a future public street.
>
> I also deeded Scott and Sasha a right of way in the West 24 feet adjacent to Bicentennial running from Lot 75 to Frontera Rd. The 24 foot right of way contained an access road both of us used until 2008.
>
>  . . . [I]n 2008, the City acquired some of the West 40' of my property which included most of their 24' right of way. Their right of way was a matter of record . . . .
>
> A year or two ago, when Baudelia and I first viewed the design for the [City's] extension[,] we realized that Sasha's property was not shown to have access. We made an appointment and met with a very friendly city employee who went over the plans with us and a plat of Sasha's property as we explained to him that Sasha was land locked and needed access. He told us access was not a problem. Later at a second public presentation of the design, we saw there was no provision for her access and we mentioned it again at that time to the personnel making that presentation. On numerous occasions I reminded Sasha she and I needed to meet with city officials before Bicentennial got built without an access for her property.
>
> . . . .
>
> When our access road was re-routed through our property in 2008 after the City acquired the West 40', it wandered around to avoid various things and, at one point, to squeeze through the remaining back yard of a house occupied by other family members. All of the 1500 foot roadway is one-way and nine feet wide. It passes within a few feet of the houses['] bedroom

4

windows. It also passes by our swimming pool and otherwise accesses and enjoys full view of all the back[]yards and private parts of the property.

On November 1, 2023, the trial court granted Robert's no-evidence motion for summary judgment without specifying the grounds relied upon, and on November 9, 2023, the trial court awarded Robert attorney's fees, which resulted in a final judgment. This appeal followed.

## II. SUMMARY JUDGMENT

By her sole issue on appeal, Sasha argues that summary judgment was improper as a fact issue remains as to her rights under the easement.

## A. Standard of Review

"Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Tex. Workforce Comm'n v. Wichita County*, 548 S.W.3d 489, 492 (Tex. 2018) (citing TEX. R. CIV. P. 166a(c)). "We review the trial court's grant of summary judgment de novo." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

"A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (first citing TEX. R. CIV. P. 166a(i); and then citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex.

5

2006)). In reviewing a no-evidence motion for summary judgment, "we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Keszler v. Mem'l Med. Ctr. of E. Tex.*, 105 S.W.3d 122, 125 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.).

## B.     Analysis

Robert contends that he identified three valid grounds for summary judgment in his motion. Specifically, Robert maintains that he sought summary judgment on the grounds that Sasha could produce no evidence demonstrating that: (1) she owns a valid easement; (2) Robert owns the land underlying the easement; or (3) the cedar fence installed on his property interferes with Sasha's easement. On appeal, Robert "concede[s] that [Sasha] has raised a scintilla of evidence that she may still own an easement." Accordingly, we address the latter two grounds in turn.

To prevail on a claim for interference with easement rights, a plaintiff must prove that the defendant engaged in activities that interfered with the plaintiff's reasonable use and enjoyment of the easement. *See Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Robert points us to no authority, and we are unaware of any, that requires a plaintiff in such a case to prove that the defendant owns the land underlying the easement. To the contrary,

6

nothing prohibits an easement holder from suing a third party that interferes with her use and enjoyment of the easement. "No-evidence summary judgment cannot be properly granted when the element identified by the movant as entitling it to summary judgment is not an element of the non-movant's claim." *Rise Above Steel Co. v. Liberty Mut. Ins. Co.*, 656 S.W.3d 577, 583 (Tex. App.—El Paso 2022, no pet.). Indeed, if Robert does not own the servient estate, he has "no authority" to interfere with Sasha's easement. *Cf. Lance v. Robinson*, 543 S.W.3d 723, 743 (Tex. 2018).

In any event, there is some evidence that the easement lies on Robert's property, even after the sale to the City. Robert acknowledged in his email to the City's attorney that the sale was of "*some* of the West 40' of [his] property," which included "*most* of [Sasha's] 24' right of way," not all of it. (Emphasis added). Further, the language of the easement agreement provided Sasha with an additional right-of-way across "existing paved roadways which deviate and extend beyond the Western 24 feet but remain within the Western 60 feet" of Robert's property. Viewing this evidence in the light most favorable to the non-movant, we conclude that this is sufficient to show that Sasha's easement fell on part of Robert's property. *See King Ranch*, 118 S.W.3d at 751.

Turning to the final ground presented in his motion, we note that Robert did not identify as a basis for summary judgment that no evidence existed as to his interference with Sasha's use and enjoyment of her easement. Rather, he asserted only that she could not show "that the cedar fence [Robert] installed on his southern and eastern property lines crosses [Sasha's] easement." But "[*a*]*ny* use by the servient estate holder that interferes with the exercise of the dominant estate holder's rights must yield," not just the

7

building of a fence. *See Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 443–44 (Tex. App.—Fort Worth 2020, no pet.) (emphasis added) (quoting *Taylor Foundry Co. v. Wichita Falls Grain Co.*, 51 S.W.3d 766, 770 (Tex. App.—Fort Worth 2001, no pet.)).

"[A] motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment." *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 819 (Tex. App.—Corpus Christi-Edinburg 2009, pet. denied); *see* TEX. R. CIV. P. 166a(i) ("The [no-evidence] motion *must* state the elements as to which there is no evidence." (emphasis added)). "We apply th[is] rule strictly so as not to deprive litigants of their right to a full hearing on the merits of any real issue of fact." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 286 (Tex. App.—Dallas 2013, pet. denied). Movants cannot "avoid the requirement of specificity by claiming the non-movant had 'fair notice' of what the motion was intended to challenge." *Id.* And, as noted, Sasha maintained that Robert "consistently fail[ed] to specify which elements [Sasha] allegedly has no evidence for."

Robert's failure to identify the specific element challenged, and instead choosing to attack a factual theory, renders his motion insufficient to sustain a no-evidence motion for summary judgment. *See Garcia*, 287 S.W.3d at 819. Having found that none of the grounds presented are meritorious, we conclude that Robert's no-evidence motion for summary judgment should not have been granted.[3] Accordingly, we sustain the sole

---

[3] Robert has attached additional exhibits to his brief on appeal that were not part of the summary judgment record. Because they were not considered by the trial court below, it would be inappropriate for us to consider them here. *See Barton v. Barton*, 584 S.W.3d 147, 152 (Tex. App.—El Paso 2018, no pet.) ("It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court.").

issue presented.

### III. CONCLUSION

We reverse and remand for further proceedings consistent with this memorandum opinion.

GINA M. BENAVIDES
Justice

Delivered and filed on the
19th day of December, 2024.